# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| AMAS CANZONI, | No. 54723-6-II |
| Appellant, | |
| v. | |
| BANK OF AMERICA, N.A., | UNPUBLISHED OPINION |
| Respondent, | |
| and | |
| NORTH STAR TRUSTEE, LLC, | |
| Defendant Below. | |

CRUSER, J. – Amas Canzoni appeals the superior court order granting Bank of America's motion to dismiss his action seeking to stay a nonjudicial foreclosure. Canzoni contends that (1) the matter was considered as a summary judgment rather than a CR 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted and (2) dismissal was improper because there were issues of fact as to whether Bank of America had "clear title to begin a nonjudicial foreclosure." Br. of Appellant at 4. Regardless of whether the superior court considered Bank of America's motion as a motion for summary judgment or motion to dismiss for failure to state a claim, Canzoni does not adequately brief the issue of why the dismissal was improper.

Accordingly, he fails to establish that the superior court erred, and we affirm the order granting Bank of America's motion to dismiss.

FACTS

In October 2019, North Star Trustee, LLC, as trustee of the deed of trust, pursued a nonjudicial foreclosure on Canzoni's property. The notice of trustee's sale stated that the current beneficiary of the deed of trust was Bank of America, N.A.

In early January 2020, Canzoni filed an action to restrain the sale of the property against Bank of America and North Star,[1] asserting that Bank of America was "not the legal holder of the note and deed of trust on [the] property" because "[t]he deed of trust was in favor of Countrywide Bank, and it appears no assignment of the note and deed of trust was ever recorded in Thurston County." Clerk's Papers at 6. A short time later, Canzoni's counsel filed a supplemental declaration stating that Bank of America had provided additional documentation that included "an assignment of the deed of trust from Mortgage Electronic Registration Systems [(MERS)] to Bank of America" and that this assignment of the deed had been recorded in January 2014. *Id.* at 28. But Canzoni asserted that proof of the assignment alone did "not resolve the chain of title problem," suggesting that MERS's assignment may have been ineffective. *Id.*

Bank of America subsequently moved to dismiss the action to restrain the sale for failure to state a claim upon which relief could be granted. Bank of America argued that res judicata applied because the issue of its "standing to foreclose on the [p]roperty" had previously been litigated in Bank of America's favor in 2016. *Id.* at 55. Additionally, Bank of America argued that

---

[1] North Star is not a party to this appeal.

"the required assignments of the deed of trust have been recorded in Thurston County," noting that Canzoni had attached copies of these assignments to his 2016 complaint. *Id.* (emphasis omitted). Bank of America attached a variety of exhibits supporting its motion to dismiss and asked the superior court to take judicial notice of those exhibits for purposes of the motion to dismiss. Canzoni responded that res judicata did not apply because the prior action did not address the chain of title issues that he was now raising.

The superior court considered the matter without oral argument. The court granted Bank of America's motion to dismiss the complaint "for failure to state a claim upon which relief can be granted." *Id.* at 396.

Canzoni appeals the order granting the motion to dismiss.

ANALYSIS

Canzoni contends that (1) the matter was considered as a summary judgment rather than a CR 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted and (2) dismissal was improper because there were issues of fact as to whether Bank of America had "clear title to begin a nonjudicial foreclosure." Br. of Appellant at 4. But the only argument he presents are his bare assertions that the superior court dismissed his complaint "without addressing [his claim that] the bank did not have clear title to begin a nonjudicial foreclosure" and that he believes that "there are sufficient issues to allow this matter to proceed to trial."[2] *Id.* at 4-5.

---

[2] Canzoni does state in his facts section that, "[t]he Washington State Supreme Court has ruled in [*Bain v. Metropolitan Mortgage Group, Inc.*, 175 Wn.2d 83, 285 P.3d 34 (2012)], that MERS was not a proper beneficiary." Br. of Appellant at 1. But even if we were to consider this to be argument, the fact MERS was not a proper beneficiary in *Bain* has no bearing on whether the facts of this case were sufficient to overcome Bank of America's motion to dismiss.

Under RAP 10.3(a)(6) we do not review issues not argued, briefed, or supported with citation to authority. *Christian v. Tohmeh*, 191 Wn. App. 709, 727-28, 366 P.3d 16 (2015). Nor do we consider conclusory arguments. *Id.* at 727. "Passing treatment of an issue or lack of reasoned argument is insufficient to merit appellate review." *Id.* at 728; *see also In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (unrepresented litigants are held to the same standard as attorneys). Because Canzoni does not identify the factual issues that exist in this case or present any reasoned argument, we do not further consider his claims on appeal.

Accordingly, we affirm the superior court's order granting Bank of America's motion to dismiss Canzoni's complaint.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

GLASGOW, A.C.J.

VELJACIC, J.